# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GARY E. HAMMONS,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1020**  (BOR Appeal No. 2049410)
                      (Claim No. 2004030436)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**A & R TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary E. Hammons, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jacqueline Hallinan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 12, 2014, in which the Board affirmed an April 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 12, 2013, decision denying a request for authorization of trigger point injections and a lumbar MRI. Additionally, the Office of Judges affirmed the claims administrator's August 22, 2013, decision granting authorization of the medications Norco, Celexa, and Robaxin for a final ninety-day medication extension and granting authorization for limited office visits with Michael Shramowiat, M.D. Finally, the Office of Judges affirmed the claims administrator's October 10, 2013, decision denying a request for authorization of the medications Norco, Celexa, and Robaxin, along with a request for authorization of pain management follow-up with Dr. Shramowiat. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hammons was injured in the course of his employment as a truck driver when he slipped and struck his left leg on the back of his vehicle on January 5, 2004. He initially treated with Dr. Shramowiat for a compensable contusion and swelling of the left leg following the January 5, 2004, injury. On October 25, 2005, a lumbar spine MRI was performed and revealed degenerative disc disease at L1-L4 and a disc protrusion at L5-S1. On January 4, 2010, this Court reversed an October 15, 2007, Order of the Board of Review and added disc protrusion at L5-S1, lumbar radiculopathy, and lumbar strain as compensable components of the claim.

On March 31, 2011, Marsha Lee Bailey, M.D., performed an independent medical evaluation regarding the compensable injury and determined that Mr. Hammons has reached maximum medical improvement. Additionally, she opined that no further medications, diagnostic studies, or pain management are warranted. Additionally, on September 10, 2012, Mr. Hammons sustained a non-work-related injury when he slipped in mud and was subsequently treated for sciatica. Following the September 10, 2012, injury, Mr. Hammons requested that Dr. Shramowiat refer him for an MRI.

Mr. Hammons has continued to treat with Dr. Shramowiat, who eventually prescribed the medications Norco, Celexa, and Robaxin. Additionally, Dr. Shramowiat requested authorization for a lumbar spine MRI and trigger point injections. On March 12, 2013, the claims administrator denied Dr. Shramowiat's request for authorization of trigger point injections and a lumbar MRI. On August 22, 2013, the claims administrator granted authorization of the medications Norco, Celexa, and Robaxin for a final ninety-day medication extension and authorized limited office visits with Dr. Shramowiat. On October 10, 2013, the claims administrator denied Dr. Shramowiat's request for authorization of the medications Norco, Celexa, and Robaxin, along with a request for authorization of a pain management consultation, effective as of October 13, 2013. All three claims administrator's decisions were made in reliance upon Dr. Bailey's March 31, 2011, independent medical evaluation.

On October 24, 2013, Dr. Shramowiat was deposed. He testified that he requested authorization for the lumbar spine MRI and trigger point injections based upon Mr. Hammons's ongoing complaints of pain. He further testified that he prescribed the medication Norco for pain management, the medication Robaxin as a muscle relaxant, and the medication Celexa as an anti-depressant. Further, Dr. Shramowiat testified that Mr. Hammons has reached maximum medical improvement.

In its Order affirming the March 12, 2013; August 22, 2013; and October 10, 2013, claims administrator's decisions, the Office of Judges held that Mr. Hammons has not demonstrated that the requested trigger point injections; lumbar MRI; office visits with Dr.

Shramowiat; and the medications Norco, Celexa, and Robaxin are medically necessary or reasonably required for the treatment of the January 5, 2004, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 12, 2014. On appeal, Mr. Hammons asserts that the evidence of record demonstrates that the requested medical treatment is necessary for ongoing treatment of the compensable January 5, 2004, injury.

The Office of Judges noted that Dr. Bailey determined that Mr. Hammons had reached maximum medical improvement as of March 31, 2011, and further noted that Dr. Bailey attributed the majority of Mr. Hammons's current medical problems to longstanding morbid obesity. Further, the Office of Judges found that Mr. Hammons sustained an intervening injury on September 10, 2012, requiring medical intervention and leading Mr. Hammons to request an MRI. The Office of Judges then concluded that when considering Dr. Bailey's opinion and the intervening injury, authorization of the requested trigger point injections, lumbar MRI, office visits with Dr. Shramowiat, and the medication Robaxin were properly denied. Regarding the medication Norco, the Office of Judges found that it is a Schedule III Narcotic and therefore its use is limited pursuant to West Virginia Code of State Rules § 85-20-53.14 (2006). The Office of Judges then concluded that there is no explanation for the continued use of Norco in excess of the treatment guidelines contained in West Virginia Code of State Rules § 85-20-53.14 for the treatment of a now eleven-year-old injury. Finally, regarding the medication Celexa, the Office of Judges found that it is being used to treat depression, which is not a compensable component of the claim. Therefore, its use cannot be authorized in the instant claim. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3